UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **STERLING REVENA RIVERS**    **REG. # 19231-078** | : | **DOCKET NO. 2:20-cv-1366**    **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **J. McCOLLOUGH, ET AL** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a civil complaint [doc. 1] filed pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), by plaintiff Sterling Reneva Rivers who is proceeding pro se and in forma pauperis in this matter. Rivers is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute in Pollock, Louisiana ("FCI-Pollock"), but the events giving rise his to his complaint occurred while was incarcerated at the Federal Correctional Institute in Oakdale, Louisiana ("FCIO").

For reasons stated below **IT IS RECOMMENDED** that the complaint be **DENIED** and the matter be **DISMISSED WITH PREJUDICE.**

### I.
#### BACKGROUND

Plaintiff complains that after filing a previous civil rights lawsuit, the defendants have retaliated against him in numerous ways, including calling him names (doc. 1, p. 8), performing numerous searches of his personal area (*id*. at pp. 9-10), reprimanding him for not wearing a mask for a brief time (*id*. at p. 12), sending him to the SHU (*id*. at p. 13) and stealing his personal property (*id*. at p. 13).

## II.
## LAW & ANALYSIS

### A. Frivolity Review

Rivers has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. Section 1983/Bivens

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. A *Bivens* action is the counterpart for those acting under color of federal law of a suit brought under § 1983. *E.g.*, *Abate v. Southern Pacific Transp. Co.*, 993 F.2d 107, 110 n. 14 (5th Cir. 1993). In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

However, unlike the multitude of claims that may be brought against state officials under 42 U.S.C. § 1983, "a *Bivens* remedy is not available for all constitutional violations." *Corr. Servs. Corp. v. Malesko*, 121 S.Ct. 515, 519 (2001); see also *Ashcroft v. Iqbal*, 121 S.Ct. 1937, 1947-48 (2009) ("In the limited settings where *Bivens* does apply, the implied cause of action is the 'federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983.'") (citations omitted).

### C. *Theory of the Complaint - Retaliation*

Plaintiff cannot bring his First Amendment retaliation claim against defendant, federal officials, under *Bivens*, because neither the Supreme Court nor the Fifth Circuit has recognized an implied cause of action for First Amendment violations. *Begay v. Leap*, No. 3:17-cv-2639-N-BT, 2019 U.S. Dist. LEXIS 49551, 2019 WL 1318410, at *8 (N.D. Tex. Feb. 26, 2019). In fact, when confronted with an opportunity to do so, the Supreme Court "decline[d] 'to create a new substantive legal liability without legislative aid and as at the common law'" because the Court determined that, "Congress is in a better position to decide whether or not the public interest would be served by creating it." *Id.* (citing *Bush v. Lucas*, 103 S.Ct. 2404, 2417 (1983); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009) (assuming without deciding that *Bivens* applies to First Amendment claims but noting, "we have declined to extend *Bivens* to a claim sounding in the First Amendment"); *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012) ("We have never held that *Bivens* extends to First Amendment claims.") (citing *Iqbal*, 129 S.Ct. at 1948; *Bush*, 103 S.Ct. at 2406).

This Court has also previously ruled that retaliation claims are not cognizable under *Bivens*. See *Okeayainneh v. United States DOJ*, 2019 U.S. Dist. LEXIS 64633, 2019 WL 1612612 (W.D. La. March 28, 2019); *report and recommendation adopted,* No. 2:19-cv-150, Docket Number 17, 2019 U.S. Dist. LEXIS 64555 (W.D. La. April 12, 2019) (appeal filed); *see also Butler v. Porter*, 2018 U.S. Dist. LEXIS 218270, 2018 WL 6920355 (W.D. La. Sep. 10, 2018); *report and*

*recommendation adopted*, 2019 U.S. Dist. LEXIS 737, 2019 WL 81677 (W.D. La. Jan. 2, 2019). Accordingly, plaintiff has failed to state a claim upon which relief can be granted.

### III.
#### CONCLUSION

For reasons stated above, **IT IS RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 14th day of December, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE